## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC PONDER,<br>    Plaintiff | :<br>:<br>:   No. 1:21-cv-00718 |
| v. | :<br>:   (Judge Kane) |
| SCOTT FINLEY, et al.,<br>    Defendants | :<br>: |

### MEMORANDUM

On April 20, 2021, pro se Plaintiff Eric Ponder ("Plaintiff"), who is presently confined at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), initiated the above-captioned action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1.) Plaintiff has paid the full filing fee. (Id.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint without prejudice to his right to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. BACKGROUND

Plaintiff names Warden Scott Finley ("Finley"), Unit Manager R. Raup ("Raup"), Camp Administrator Mr. Miller ("Miller"), and Dr. Ellen N. Mace ("Mace") as Defendants in this matter. (Doc. No. 1 at 1-3.) He avers that Defendants have violated his Eighth Amendment rights by failing to protect him from "the dangerous and deadly virus COVID 19." (Id. at 4.) Plaintiff avers that he has "severe illnesses which make [him] vulnerable to COVID 19." (Id.)

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

He maintains that Defendants have manipulated his PATTERN score and other criteria that would make him eligible for home confinement placement. (Id.) As relief, Plaintiff seeks release to home confinement as well as time credited toward his sentence for the "time of hardship spent in quarantine and modified operations." (Id. at 5, 14.)

## II.     LEGAL STANDARD

### A.     Screening and Dismissal of Prisoner Complaints

Although Plaintiff paid the filing fee in full, the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A. See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining

that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally

construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### B. Bivens Action

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

As noted supra, Plaintiff seeks release to home confinement as well as additional credit toward his sentence. Plaintiff, however, cannot seek such relief in a Bivens action. As the United States Court of Appeals for the Third Circuit has explained:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 [or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),] is unavailable: whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or Bivens] is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, the relief Plaintiff seeks is "a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus." See Credico v. BOP FDC Warden of Philadelphia, 592 F. App'x 55, 57 (3d Cir. 2014). This Court has previously considered

4

federal inmates' Eighth Amendment claims seeking home confinement because of the COVID-19 pandemic pursuant to 28 U.S.C. § 2241.  See, e.g., Braxton v. Spaulding, No. 4:21-cv-544, 2021 WL 1516377 (M.D. Pa. Apr. 16, 2021); Washington v. Warden, No. 1:21-cv-211, 2021 WL 1123330 (M.D. Pa. Mar. 24, 2021); Robertson v. Warden, No. 1:20-cv-2117, 2021 WL 916253 (M.D. Pa. Mar. 10, 2021); Gonzalez v. Howard, No. 1:20-cv-1992 (M.D. Pa. Jan. 7, 2021); Butcher v. Howard, No. 1:20-cv-1994 (M.D. Pa. Jan. 5, 2021); Donnell v. Howard, No. 1:20-cv-1995 (Dec. 30, 2020).  The Court, therefore, will dismiss Plaintiff's complaint without prejudice to his right to seek such relief via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Court will also direct that Plaintiff's filing fee, in the amount of $402.00, be refunded to him.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  This dismissal will be without prejudice to Plaintiff's right to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising his Eighth Amendment claims seeking home confinement based upon the COVID-19 pandemic.  The Court will also direct that the Financial Administrator for the United States District Court for the Middle District of Pennsylvania issue Plaintiff a refund in the amount of $402.00.  An appropriate Order follows.